IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| HEATHER LYNN HOFFMAN, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.   12-6165 |
| | : | |
| PALACE ENTERTAINMENT | : | |
| (a/k/a DUTCH WONDERLAND) and | : | |
| FESTIVAL FUN PARKS, LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

AND NOW, this        day of                  , 2014, upon careful and independent review of the Report and Recommendation of United States Magistrate Judge Henry S. Perkin dated November 3, 2014, it is hereby ORDERED that:

1.   the Report and Recommendation is APPROVED and ADOPTED; and

2.   the Motion of Defendants for Sanctions is GRANTED and Heather Lynn Hoffman v. Palace Entertainment (a/k/a Dutch Wonderland) and Festival Fun Parks, LLC, Civ. A. No. 12-6165, is DISMISSED with prejudice in its entirety.

BY THE COURT:

_____
JAMES KNOLL GARDNER, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
HEATHER LYNN HOFFMAN,              :       CIVIL ACTION
                                   :
            Plaintiff,             :
                                   :
      v.                           :       NO.   12-6165
                                   :
PALACE ENTERTAINMENT               :
(a/k/a DUTCH WONDERLAND) and       :
FESTIVAL FUN PARKS, LLC,           :
                                   :
            Defendants.            :
_____:

Henry S. Perkin, M.J.                                      November 3, 2014

## REPORT AND RECOMMENDATION

      This case was assigned by Order of the Honorable James Knoll Gardner on January 15, 2013 to schedule and conduct a settlement conference at the appropriate time. Pursuant to Judge Gardner's standing Order dated January 2, 2003, all discovery issues are referred to the undersigned for resolution. In the months following the settlement referral, attempts to resolve a number of discovery issues between the parties were made. The following Report and Recommendation regards the informal letter request to enforce this Court's August 7, 2014 Order filed by Defendants September 5, 2014, Plaintiff's Motion to Strike Defendants' filing and "Motion for No Sanction" filed by Plaintiff on September 22, 2014, Defendants' Supplement to the informal letter request to enforce filed on September 24, 2014, Plaintiff's correspondence dated October 3, 2014, Plaintiff's Motion for Alternative Settlement Conference Procedure dated October 24, 2014, and following an on-the-record hearing on October 27, 2014 at which Plaintiff appeared via telephone.

Defendants move for entry of sanctions in the form of dismissal of the Complaint in its entirety due to the conduct of Plaintiff during discovery in this matter, or alternatively, that Plaintiff be precluded from presenting evidence and/or testifying at the time of trial, that Plaintiff is precluded from presenting an affidavit in response to any summary judgment motion filed by Defendants, that Plaintiff is precluded from introducing any medical evidence in support of her allegations in response to any motion for summary judgment filed by Defendant and/or at the time of trial, that Plaintiff is precluded from introducing any documents into evidence in response to any motion for summary judgment filed by Defendants' and/or at the time of trial, that Plaintiff is precluded from presenting any evidence of liability in response to any motion for summary judgment filed by Defendants and/or at the time of trial, and that Plaintiff is precluded from presenting any evidence of damages in response to any motion for summary judgment filed by the Defendants and/or at the time of trial.  Defendants argue that these sanctions are justified because of Plaintiff's failure to respond to discovery, failure to produce requested documents and failure to appear for her deposition.  For the reasons that follow, it is recommended that the Court grant Defendants' Motion for Sanctions, essentially resulting in dismissal of this case.

I. **PROCEDURAL HISTORY.**

Plaintiff initiated this action on October 31, 2012, by filing an Application to Proceed in District Court Without Prepaying Fees and Costs.  By Order dated November 14, 2012 and filed November 15, 2012, Judge Gardner granted plaintiff's application to proceed in forma pauperis.  The following statement of facts is taken from Judge Gardner's March 25, 2014 decision denying Defendant's motion to dismiss:

> Plaintiff Heather Lynn Hoffman was employed in a seasonal, part-time

position as a Water Area Attendant at Dutch Wonderland from March 2009 through the end of December 2010.  In early 2010, after the conclusion of the 2009 season, Hershey Entertainment (then-operator of Dutch Wonderland) extended an offer to plaintiff that she return to her job for the 2010 season. Plaintiff accepted the offer and returned for the 2010 season to work as a Water Area Attendant.

During the 2010 season, plaintiff had absences from work which (though supported by doctor's notes) became an issue of concern for her employer. More specifically, plaintiff was assessed "points" for her absences and was given a notice informing her that she could face discipline (up to, and including, firing) if her attendance did not improve.

Plaintiff provided doctors notes for all of her absences, including those for a single-day absence even though Hershey Entertainment's company policy only required a doctor's note for an absence of three or more days. All points assessed against plaintiff should have been removed from her permanent employment record.

Plaintiff was not fired and continued to work at Dutch Wonderland through the conclusion of the 2010 season on December 31, 2010. However, at the conclusion of the 2010 season, plaintiff was informed that she was not being invited back for the 2011 season because of issues with her attendance. Nonetheless, plaintiff was advised that if she was interested, she could apply for employment with defendant, which she identifies as "Palace Entertainment a/k/a Dutch Wonderland".

In January 2011, plaintiff applied for employment at Dutch Wonderland as a Security Officer.  On the application, plaintiff checked the box indicating "no" with respect to any prior convictions for a misdemeanor or felony.

Plaintiff was interviewed for that position and, during the interview, was asked "whether the employer could depend on [her] to come to work". Plaintiff assured her interviewer -- a woman also named Heather -- that during the upcoming 2011 season, she could be relied upon to be on the job.

During the interview, plaintiff further explained to the interviewer that she suffered a miscarriage of twins in December 2009 which "caused [her] some seizure activity" which is "petite mal in nature", and for which she is required to take prescription medication and seek medical treatment if an episode occurs.

Plaintiff was offered the position of Security Officer at Dutch Wonderland for the 2011 season. However, "questionable issues came up about a 2002 arrest" during a background check of plaintiff and, although plaintiff denied any wrongdoing, the offer to work as a Security Officer at Dutch Wonderland was rescinded on April 15, 2011.  Palace Entertainment informed plaintiff that it rescinded the offer of employment because the company did not feel that plaintiff was telling the truth.

Plaintiff alleges that the 2002 arrest was "false in nature" and that she demonstrated that fact to Meghan Riehl (the person plaintiff dealt with concerning

3

>   the background check process). Plaintiff further alleges that the background check
>   came from a credit company and not from the Pennsylvania State Police, and that
>   it was not an accurate record. Plaintiff alleges that Megan Riehl, a Human
>   Resources Manager with Festival Fun Park LLC, was "unprofessional toward
>   [her] in numerous ways" and that she provided Ms. Riehl with a copy of an Order
>   and Opinion of Judge Perezous concerning plaintiff's prior arrest. Plaintiff
>   believes that her 2002 arrest was improper and should have shown up on her
>   background check.

Mem. Op., pp. 7-11 (footnotes omitted). On May 19, 2014, following a conference pursuant to Federal Rule of Civil Procedure 16, Judge Gardner set the discovery deadline for September 30, 2014. Following that deadline, on August 4, 2014, Defendants' counsel filed an informal letter pursuant to the Policies and Procedures of the undersigned, setting forth discovery issues and seeking an extension of discovery deadlines. On August 5, 2014, the undersigned ordered that a telephonic discovery conference would be held on August 6, 2014. The details surrounding the August 6, 2014 hearing are contained in the August 7, 2014 Order granting Defendant's motion to compel.[1]

        Following issuance of the order, on September 5, 2014, Defense counsel emailed to Chambers and filed of record an informal motion to enforce this Court's August 7, 2014

---

[1] In footnote 1 of the August 7, 2014 Order, the following is related:

> On August 5, 2014, the Court scheduled a telephonic conference with Defendants' counsel and Plaintiff for August 6, 2014 at 1:45 p.m. Plaintiff confirmed her availability for the August 6, 2014 date and time via voicemail message to Chambers on August 5, 2014. On August 6, 2014, when defense counsel attempted to conference Plaintiff before connecting the Court, Plaintiff did not answer her telephone. Plaintiff was called approximately 4-5 times and was left approximately two voicemails. The telephone conference proceeded on the record without Plaintiff. Because Plaintiff was not present on the call, the Court did not take argument from defense counsel in support of the motion to compel. Instead, we have reviewed the merits of the motion as filed. Two hours after the conference concluded, Chambers staff received a call from defense counsel that Plaintiff had just left her a voicemail message indicating that she was "ready" for the conference call.

See Dkt. No. 37.

Order.  Plaintiff filed a one and one-quarter "Motion to Strike FFP's latest filing to Judge Perkin/Court and Motion for No Sanction Pursuant to Hoffman Following Federal Rule 30 and Order of Court" on September 22, 2014.  In this filing, Plaintiff states the following:

1) Heather Hoffman did provide FFP WITH alternative dates as requested.
2) Heather Hoffman did follow Federal Rule 30 and Order of Court to attend disposition by offering to be present by Remote means.
3) Heather Hoffman now feels that there is sufficient proof to claim good cause to allow Remote means of disposition by email, in that it is a direct type by Heather Hoffman . There is no room for doubt of who stated what.
4) Heather Hoffman's Social Security Hearing is October 7 2014. I am only receiving 32.00 biweekly from DPW UNTILL my benefits are restored. It is not clear to Heather Hoffman whether or not my children are or are not receiving all the aid they are entitled to by law.
One office tells me one thing and another tells me another thing. I can't lie nor fraud either office however and do not. I also do not just state this because it is available on the internet.
It is a material fact as to why I cannot travel back and forth everyday to be in person for disposition. I have no problem with the Court verifying these statements.
5) Heather Hoffman feels the truth is good enough to warrant Remote means of disposition and objection to sanctions, objections to dismissals, objections to contempt of court, objections to punitive damages against Heather Hoffman ,or any award against Heather Hoffman in favor of the Defendants in any fashion.

Wherefore, Heather Hoffman asks the Honorable Judges herein to Grant the following: Remote means of disposition by Email, No Sanction upon Heather Hoffman, fully Favorable Verdict of 3 Million Dollars Awarded to Heather Hoffman in Summary Judgment  This Week. No further mala en se type of conduct directed toward Heather Hoffman with the hopes of ruining Hoffman's chances of winning her Suit, or throwing the Trial in her Clients favor by how things "appear in email." Thank You.

See Dkt. No. 47.  In response on September 24, 2014, Defense counsel emailed to Chambers and filed of record a Supplement to their informal motion to enforce this Court's August 7, 2014 Order.  See Dkt. No. 48.  On October 7, 2014, an in-person settlement conference was scheduled

5

to take place in Chambers in Allentown, Pa. on October 27, 2014.  On October 14, 2014, the hearing on the instant motion for sanctions and supplemental motion for sanctions was scheduled for the morning of October 27, 2014.  Plaintiff informally requested to appear telephonically on October 27, 2014 for both the sanctions hearing and the settlement conference.  On October 22, 2014, Plaintiff's request was denied.  On October 24, 2014, Plaintiff filed a Motion for Alternative Settlement Conference Procedure.  On October 27, 2014, Plaintiff was permitted to appear telephonically for the hearing and defense counsel appeared in person.

## II.   **STANDARD**.

Courts may dismiss actions as sanction against a party who fails to obey a scheduling or pretrial order or who fails to appear at a scheduling or pretrial conference.  FED. R. CIV. P. 16(f), 37(b)(2)(A), 37(d)(1)(A).  Rule 37 provides that:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders.  They may include the following:
>
> > prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; or
> >
> > dismissing the action in whole or in part.
>
> The court may, on motion, order sanctions if a party . . . fails, after being served with proper notice, to appear for that person's deposition; or a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections or written response.

FED. R. CIV. P. 37(b)(2)(A), (d)(1)(A).  Rule 37 should not, however, "be construed to authorize dismissal of [a] complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to

willfulness, bad faith, or any fault of petitioner." Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 640 (1976)(quoting Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958)).

   The United States Court of Appeals for the Third Circuit ("Third Circuit") has stated that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 866 (3d Cir. 1984)(quoting Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982)).  Under Poulis, a court may enter default against a party as a sanction after considering the following six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) whether the party has a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of all of alternative sanctions; and (6) the meritoriousness of the claim or defense.  747 F.2d at 867-68.  It is not necessary that each factor be satisfied for a sanction to be appropriate.  Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003); Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 919 (3d Cir. 1992); Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988), cert. denied, 488 U.S. 1005 (1989).  These factors are to be "weighed by the district courts in order to assure that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

**III.    DISCUSSION.**

    **A.    Application of the Poulis Factors.**

        1.    <u>Plaintiff's Personal Responsibility</u>.

Because Plaintiff is acting in a *pro se* capacity, she is personally responsible for her failure to respond and move this case forward.  Plaintiff barely responded to some, not all, of Defendant's discovery requests, returned the HIPAA releases to Defendants in an unusable fashion after printing names of her physicians on one release, and attempted to unilaterally change her deposition to be one that Defendants had to conduct telephonically.  Moreover, it appears that Plaintiff purposefully evaded the telephonic discovery conference scheduled for August 6, 2014 after she confirmed her availability for such call on August 5, 2014.

        2.    <u>Prejudice to the Adversary.</u>

There has been monetary prejudice to Defendant by Plaintiff's conduct in this matter.  The Third Circuit has noted that prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."  <u>Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund</u>, 29 F.3d 863, 874 (3d Cir. 1994).  In addition to the instant Motion, Defendant's counsel prepared numerous letters to Plaintiff and this Court regarding overdue discovery which was never answered.  Defendant encountered lack of cooperation from the Plaintiff where the Plaintiff should cooperate under the Federal Rules.  <u>Poulis</u>, 747 F.2d at 868 (citing <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 633 (1962)).  Defendant also bore the cost of transporting Plaintiff to the Independent Medical Examination in this case.

      3.    Plaintiff's History of Dilatoriness.

Plaintiff has been dilatory throughout this litigation. The Third Circuit has stated that "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874. Plaintiff failed to respond to Defendant's written discovery in a timely fashion and insisted on appearing for her deposition by telephone. Plaintiff frequently explained that she is on a fixed income but has offered no explanation for her failures to respond to discovery. An explanation of sorts was offered at the October 27, 2014 hearing, during which Plaintiff stated that her paperwork she needs to support her claims in this case are locked in her former apartment and she has a landlord/tenant arbitration scheduled for December 19, 2014. Until then, she claims that she is unable to produce documents in support of her claims to Defendants in response to their discovery requests. Plaintiff filed this case two years ago and has produced little to no discovery responses to Defendants' requests. Moreover, Plaintiff did not make herself available for at least one telephonic hearing until two hours after its conclusion, she has peppered the Chambers account with emails until an order was entered prohibiting ex parte communications, she has not appeared for her deposition and she has attempted to unilaterally change the method by which Defendants are able to conduct her deposition. Plaintiff's conduct has been dilatory.

      4.    Whether the Conduct of the Party or His Attorney
           Was Willful or in Bad Faith.

Under this factor, the District Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Adams,

29 F.3d at 875 (internal quotation marks and citation omitted).  Generally, "[w]illfulness involves intentional or self-serving behavior."  Id.  Plaintiff's allegations and statements appear to be self-serving.  For example, the day before this Court held the August 6, 2014 hearing, Plaintiff herself confirmed her availability by telephone for the conference call.  Despite this alleged availability, Plaintiff did not answer her telephone when defense counsel called to connect with her and then this Court.  With the Court on the line, Plaintiff was called approximately 4-5 times and was left approximately two voicemails.  The telephone conference proceeded on the record without Plaintiff.  Because Plaintiff was not present on the call, the Court did not take argument from defense counsel in support of the motion to compel.  Two hours after the conference concluded, Chambers staff received a call from defense counsel that Plaintiff had just left her a voicemail message indicating that she was "ready" for the conference call.

During the hearing on October 27, 2014, Plaintiff offered that she does not have access to her documents and legal papers in support of this lawsuit because they are in possession of her former landlord with whom she is involved in a landlord/tenant action.  When asked how she intends to comply with the case scheduling orders by Judge Gardner, Plaintiff replied that she has an arbitration date of December 19, 2014 for the landlord/tenant case.  When further asked whether she has a proposal to obtain her paperwork in support of the instant case before discovery is scheduled to end on November 17, 2014, Plaintiff was silent.

When asked why she did not sign the HIPAA authorizations emailed to her by defense counsel, Plaintiff replied that she only had 20 cents to print out copies.  When asked if she asked defense counsel to print out the HIPAA releases and mail them to her, Plaintiff replied in the negative.  She stated, instead, that she offered defense counsel a disc containing copies of

10

her medical records compiled in her pending case for social security benefits. She stated that defense counsel did not respond to her offer of the social security disc.

The undersigned also asked Plaintiff at the October 27, 2014 hearing whether she had any pending motions or matters she wished to pursue before the Court. Plaintiff responded that the Defendants violated her civil rights and when she was fired, and there was "something with the FCRA." Plaintiff's conduct throughout this litigation has been the type of behavior which can be characterized as intentional and self-serving.

5. Effectiveness of Sanctions Other Than Dismissal.

The Third Circuit has held that "[w]hen a Plaintiff fails to prosecute his action, outside of dismissal of the action, the Court cannot envision a sanction that would be appropriate." Briscoe v. Klaus, 538 F.3d 252, 262 (3d Cir. 2008). Plaintiff is proceeding *pro se* and *in forma pauperis*. Due to Plaintiff's additional allegations that she is on a fixed income, which this Court believes is a true representation, monetary sanctions are an inappropriate sanction to alert Plaintiff that her conduct will not be tolerated by this Court. Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002). However, Defendant should not be forced to defend an unmeritorious case. Plaintiff's failure to respond to discovery and her failure to appear for a telephonic court hearing and for her deposition all warrant dismissal of this action.

6. Meritoriousness of the Claim.

The final Poulis factor for this Court to examine is whether a claim appears to be meritorious. The standard for meritoriousness is whether the allegations of the pleadings, when considered at trial, "would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 870 (citations omitted). At the October 27, 2014 hearing, when she was

asked whether she had any pending motions or matters she wished to pursue before the Court, Plaintiff responded that the Defendants violated her civil rights when she was fired, and there was "something with the FCRA." In Plaintiff's complaint she claimed violations of the Americans with Disabilities Act and the Pennsylvania Human Relations Act in denial of employment. It is not apparent to this Court that Plaintiff will be successful at trial to support recovery for any of her alleged claims.

      B.    **Balancing the Poulis Factors.**

Finally, the foregoing factors are to be "weighed by the district courts in order to assure that the 'extreme end' sanction of dismissal or default is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870. In this case, the balance of factors weigh in favor of dismissal of this case. Plaintiff's violations of the federal rules and this Court's scheduling and discovery orders have been persistent and flagrant and resulted in significant delay and waste of judicial resources without justification. Thus, the facts of this case comply with the requirements of Poulis regarding dismissal for failure to comply with rules and orders of court.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this   3rd   day of November, 2014, IT IS RESPECTFULLY RECOMMENDED that the Defendant's Motion for Sanctions should be GRANTED.  Plaintiff should be precluded from: (1) testifying at the time of trial, (2) presenting an affidavit in response to any summary judgment filed by Defendant, (3) introducing any medical evidence in support of her allegations in response to any motion for summary judgment filed by Defendant and/or at the time of trial, (4) introducing any documents into evidence in response to any motion for summary judgment filed by Defendants' and/or at the time of trial, (5) presenting any evidence of liability in response to any motion for summary judgment filed by Defendants and/or at the time of trial, and (6) presenting any evidence of damages in response to any motion for summary judgment filed by the Defendants and/or at the time of trial.

BY THE COURT:

*/s/ Henry S. Perkin*
HENRY S. PERKIN,
United States Magistrate Judge