```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

HEATHER LYNN HOFFMAN,            )
                                 )
          Plaintiff              )   Civil Action
                                 )   No. 12-cv-06165
     v.                          )
                                 )
PALACE ENTERTAINMENT, also known )
   as "Dutch Wonderland"; and    )
FESTIVAL FUN PARKS LLC,[1]       )
                                 )
          Defendants             )

**O R D E R**

NOW, this 16th day of December, 2014, upon consideration of the following documents:

(1) [Plaintiff's] Entry and Motion to File Interrogatories [a]s Answered and Attached, which motion was filed on August 20, 2014 (Document 43), together with

(A) a copy of an email from plaintiff Heather Hoffman to defense counsel, Heather Steele, Esquire sent Thursday, August 14, 2014 at 12:08 p.m. (Document 43);

(2) Letter motion of defendant Festival Fun Parks LLC to enforce the Order of United States Magistrate Judge Henry S. Perkin dated and filed August 7, 2014, which letter motion was filed September 5,

---

[1] Although plaintiff pro se identifies both "Palace Entertainment a/k/a Dutch Wonderland" and "Festival Fun Parks LLC" each as defendants in her form Complaint, the disclosure statement filed by defense counsel, Heather Z. Steele, Esquire, states that "Wonderland Management, LLC, [doing business as] Dutch Wonderland is 100% owned by Festival Fun Parks LLC [doing business as] Palace Entertainment." (Docket entry number 7 in this matter.)

In other words, defendants assert that Festival Fun Parks operates under the business name of "Palace Entertainment" and is the sole owner of Wonderland Management, LLC, which in turn operates under the name "Dutch Wonderland".

        2014 (Document 44)("Defendant's Letter Motion for Sanctions"), together with

    (A)    Exhibits A through H to Defendant's Letter Motion for Sanctions (Documents 44-1 through 44-8, respectively);

(3)    [Plaintiff's] Motion to Strike [Defendant] FFP's [L]atest [F]iling to Judge Perkin/Court and Motion for No Sanctions, which motion to strike and for no sanctions was filed September 22, 2014 (Document 47)("Plaintiff's Motion to Strike and for No Sanctions");

(4)    Letter supplement of defendant Festival Fun Parks LLC to Defendant's Letter Motion for Sanctions and response in opposition to Plaintiff's Motion to Strike and for No Sanctions, which letter supplement and response was filed September 24, 2014 (Document 48)("Defendant's Letter Supplement and Response"), together with

    (A)    Exhibits A through J to Defendant's Letter Supplement and Response (Documents 48-1 through 48-10, respectively);

(5)    Report and Recommendation of United States Magistrate Judge Henry S. Perkin dated November 3, 2014 and filed November 4, 2014 (Document 63)("R&R");

(6)    [Plaintiff Heather] Hoffman's Objections and Motion to Reject/Refuse/Strike/Reinstate/Correct Actual Record, which objections and motion was filed November 12, 2014 (Document 64) ("Plaintiff's Objections");

and after hearing held before Magistrate Judge Perkin on October 27, 2014;[2] it appearing after review of this matter[3] that

---

[2]    The hearing was held on the record before Magistrate Judge Perkin. Defendant Festival Fun Parks LLC was represented in person at the hearing by counsel.

                                              (Footnote 2 continued):

the Report and Recommendation of Magistrate Judge Perkin correctly determined the legal and factual issues presented in Defendant's Letter Motion for Sanctions and Plaintiff's Motion to Strike and for No Sanctions; it further appearing that plaintiff's objections to the Report and Recommendation are without merit,[4]

---

(Continuation of footnote 2):

        Plaintiff made an informal request to Magistrate Judge Perkin that he permit her to appear by telephone at the Monday, October 27, 2014 sanctions hearing.  Magistrate Judge Perkin denied that informal request on Wednesday, October 22, 2014.  On Friday, October 24, 2014, plaintiff filed a Motion for Alternative Settlement Conference Procedure (Document 56) in which she renewed her request to participate in the hearing by telephone.  Magistrate Judge Perkin granted plaintiff's renewed request and permitted plaintiff to appear at the October 27, 2014 hearing by telephone.

[3]      When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.  See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

        Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  Raddatz, supra.

[4]      I will address plaintiff's objections to Magistrate Judge Perkin's Report and Recommendation in turn.

        First, plaintiff avers that "1) On Page 5 of [Magistrate] Judge's 'Report' herein – I have successfully and already filed timely objections against the prejudiced recommendations."  (Plaintiff's Objections at page 2.)  Page 5 of the R&R quotes Plaintiff's Motion to Strike and for No Sanctions in its entirety.  (R&R at page 5.)  Thus, plaintiff's first objection to the Report and Recommendation is not an objection to the Report and Recommendation itself, but is merely a reassertion of her initial opposition

(Footnote 4 continued):

---

(<u>Continuation of footnote 4</u>):

to Defendant's Letter Motion for Sanctions.  (<u>See</u> Plaintiff's Objections at page 2; Plaintiff's Motion to Strike and for No Sanctions at pages 1-2.)

   Second, plaintiff avers that "The Eighth Amendment to the U.S. Constitution protects against 'cruel and unusual' punishments as filed and motioned for by Attorneys for FFP/Palace Ent."  (Plaintiff's Objections at page 2.)

   To the extent that plaintiff objects to the Report and Recommendation on the grounds that dismissal of her lawsuit would constitute cruel and unusual punishment in violation of the Eighth Amendment, that objection is without merit.  Although Eighth-Amendment protections "have been extended beyond technically criminal sanctions to those criminal in nature, it is not applicable to purely civil penalties."  <u>Zwick v. Freeman</u>, 373 F.2d 110, 119 (2d Cir. 1967)(citing <u>Trop v. Dulles</u>, 356 U.S. 86, 88, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958), and <u>United States v. Strangland</u>, 242 F.2d 843, 848 (7th Cir. 1957))(internal citation omitted).  Thus, plaintiff's objection to the Report and Recommendation on Eighth-Amendment grounds is without merit.  Moreover, the sanction recommended in the Report and Recommendation, and effectuated by this Order, is not cruel and unusual, but rather is the product of appropriate and reasonable consideration and weighing of the pertinent factors set forth in <u>Poulis v. State Farm Fire & Casualty Company</u>, 747 F.2d 863(3d Cir. 1984).  (R&R at pages 8-12.)  Therefore, plaintiff's objection that dismissal of her case violates the Eighth Amendment is overruled.

   Third, plaintiff avers that her "Complaint IS NOT DISMISSIBLE TO the fact found process and NON SUBPOENA ISSUED upon Heather Lynn Hoffman, as well as to the Evidentiary Federal Process. (I.E. No Subpoena's were issued.)"  (Plaintiff's Objections at page 2.)  Plaintiff does not provide any additional explanation of the basis for this objection.  This objection is largely indiscernible, and it certainly provides no explanation as to why the absence of a subpoena would excuse plaintiff from her requirement to comply with Magistrate Judge Perkin's August 7, 2014 Order.  Accordingly, this objection is overruled.

   Fourth, plaintiff again reasserts portions of her initial opposition to Defendant's Letter Motion for Sanctions.  (<u>See</u> Plaintiff's Objections at pages 3-4; Plaintiff's Motion to Strike and for No Sanctions at pages 1-2.)  The essence of plaintiff's objection is that she has not engaged in willful, self-serving, or dilatory conduct.  However, that assertion is belied by the the Report and Recommendation and reflected in the record papers in this action.  Moreover, plaintiff has provided no record evidence supporting her assertion and demonstrating that the Report and Recommendation is inaccurate.  Therefore, this objection is overruled.

   Finally, plaintiff cites <u>DiPetto v. United States Postal Service</u>, 383 Fed.Appx. 102 (2d Cir. 2010), in support of her objection to the Report and Recommendation.  Specifically, plaintiff avers that the <u>DiPetto</u> case demonstrates that defendants here have received fair notice of plaintiff's claims against them and that her case should not be dismissed for that reason.  (Plaintiff's Objections at pages 4-5.)

                       (<u>Footnote 2 continued</u>):

IT IS ORDERED that plaintiff's objections are overruled.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Perkin is approved and adopted.

IT IS FURTHER ORDERED that Defendant's Letter Motion for Sanctions is granted, and Plaintiff's Motion to Strike and for No Sanctions is denied.

IT IS FURTHER ORDERED that the Complaint for Employment Discrimination filed by plaintiff on November 15, 2012 (Document 3) is dismissed with prejudice.

---

(Continuation of footnote 2):

        The DiPetto case involved an appeal from the district court's dismissal under Federal Rules of Civil Procedure 8(a) and 12(b)(6) of a race-discrimination claim by plaintiff John DiPetto pro se for failure to state a claim.  The Second Circuit held that Mr. DiPetto pro se had sufficiently pled his claim, that defendant had received adequate notice of the claim against it.  Accordingly, the Second Circuit vacated the district court's dismissal order and remanded Mr. DiPetto's case for further proceedings.  DiPetto, 383 Fed.Appx. at 103-104.

        The DiPetto case does not demonstrate error in the Report and Recommendation.  In both cases, the plaintiff was proceeding pro se in an employment discrimination action.  Here, unlike the district court below in DiPetto, I denied a motion to dismiss plaintiff's claims under Rule 12(b)(6) because, in short, she pled sufficient facts (when accepted as true and with all reasonable inferences drawn in her favor, as required on such a motion) to state the disability-discrimination claims she purported to assert.  (See Order and Opinion of the undersigned dated March 24, 2014 and filed March 25, 2014 (Documents 19 and 18, respectively).)  The Opinion of the Second Circuit in the DiPetto case did not address a motion for sanctions under circumstances analogous to those present here and, thus, it is not persuasive precedent and does not demonstrate error in the Report and Recommendation.  Accordingly, I overrule this objection.

-6-

IT IS FURTHER ORDERED that [Plaintiff's] Entry and Motion to File Interrogatories [a]s Answered and Attached is dismissed as moot.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:


/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge